No. 8693.

OLDS v. MODERWELL ET AL.

PRACTICE.—*Demurrer.*—*Harmless Error.*—*Answer to Interrogatories.*—*Verdict.* —The overruling of a demurrer to a paragraph of answer is a harmless error when it appears by the answer of the jury to an interrogatory that the verdict was found against the plaintiff upon other issues.

From the Superior Court of Allen County.

*W. H. Coombs, J. Morris* and *R. C. Bell,* for appellant.

*R. S. Taylor* and *S. Morris,* for appellees.

BLACK, C.—The only question to be decided in this cause relates to the overruling of appellant's demurrer to the second paragraph of the answer of the appellee Moderwell.

The complaint, alleging the existence of a partnership between the appellant and the appellee Fowler, sought the dissolution thereof, the appointment of a receiver to take charge of the partnership property, the settlement of the interests of the partners in the assets after the payment of the partnership debts, and an injunction restraining further proceedings under an execution in the hands of the appellee Manson, sheriff, issued on a judgment in favor of Moderwell against Fowler, for the latter's individual debt, the execution having been

Olds *v.* Moderwell *et al.*

levied upon the partnership property as the property of Fowler, who was alleged to be insolvent. Fowler made default; Manson answered by general denial, the parties agreeing that he might thereunder give in evidence all matters of defence that he might have. The first paragraph of Moderwell's answer of five paragraphs was a general denial. The cause was tried by a jury. There was a general verdict for the defendants, the appellees, and judgment was rendered accordingly.

The court, in charging the jury, having referred to the fact that Moderwell and Manson had answered by general denial, properly instructed that it was incumbent on the plaintiff to prove by a preponderance of evidence that there was a partnership between himself and Fowler, as alleged in the complaint; and that if from the evidence the jury believed that no partnership was formed, it would be their duty to find for the defendants under the answer of general denial, and it would not be necessary for them to consider the other paragraphs of the answer.

The jury, in answer to interrogatories, distinctly and repeatedly found that no partnership existed between the appellant and Fowler, and that, although the appellant had furnished money to Fowler, he had done so by way of " backing " Fowler in his business.

It is apparent, that while the cause was fairly determined on its merits, the second paragraph of Moderwell's answer was not considered by the jury ; therefore we do not examine that paragraph. Section 382, Code of 1852; section 345, R. S. 1881. The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.