HOMER C. DAVIDSON *vs.* SARAH A. DAVIDSON and others, Executors.

### April 27, 1891.

Master and Servant—Negligence—Evidence.—The evidence in an action for a personal injury *held* not sufficient to go to the jury on the question of the defendants' negligence.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, refusing a new trial after verdict directed for defendants, (executors of the last will of Wm. F. Davidson, deceased,) in an action to recover $20,000 for personal injuries.

*Davis, Kellogg & Severance,* for appellant.

*Williams, Goodenow & Stanton,* for respondents.

GILFILLAN, C. J. Plaintiff was employed by the defendants in operating an elevator in a building, and while so engaged one of the iron weights by means of which the elevator is operated became detached from the iron rods by which the weights are suspended and kept in place, and, falling through the top of the elevator car or cab, injured plaintiff. To recover for the injury he brings this action. At the close of the evidence the court below directed, and the jury returned, a verdict for defendants. The direction of the court was right. In such actions the plaintiff must show that the injury occurred through negligence or want of care on the part of the defendant. If it is claimed to have occurred through the improper and dangerous condition of machinery with which plaintiff was at work, he must show that it was in a dangerous condition which proper care would have prevented, and that the injury was caused by that condition. It is not enough to prove the injury. He must show that it was in consequence of want of care on the part of the defendant. In this

case there was no evidence to suggest how the weight came to be displaced; none to indicate that it was through any defect in the plan or construction of the elevator, or that in respect to the manner of keeping the weights in place the elevator differed from others; or to show that it was prior to the injury in improper condition. Its condition just prior to the injury was not shown. We cannot conjecture from the testimony and the model placed before us how the weights could fall unless from positive interference by some person.

Order affirmed.