Statement of the case.

J. L. SHORT *v.* NEW ORLEANS & NORTH-EASTERN RAILROAD
COMPANY.

1. RAILROADS. *Injury to employe. Presumption. Code* 1880, § 1059, *not applicable.*

In an action against a railroad company by an employe, the presumption
of negligence, under § 1059, code 1880, arising out of proof of injury
caused by running cars, does not apply. *Dowell* v. *Railroad Co.*, 61 Miss.,
519.

2. SAME. *Injury to employe. Constitution* 1890, § 193. *Fellow-servant.*

In an action against a railroad company for the death of a brakeman, re-
sulting from his falling between the cars of a running train, if the cir-
cumstances and cause of his falling are unknown, plaintiff cannot re-
cover. In such case § 193, constitution 1890, does not aid the plaintiff,
since, under it, there can be no recovery without evidence that the in-
jury resulted from the negligence of a "superior agent or officer, or of a
person having the right to control or direct the services" of deceased, or
of a "fellow-servant engaged in another department of labor." In any
event, the plaintiff must show negligence.

3. RIGHT OF ACTION FOR DEATH. *Constitution of* 1890, § 193.

On the question whether a father may maintain an action for the death
of a son, where a right of recovery is declared by § 193, constitution 1890,
the court pretermits any expression of opinion.

FROM the circuit court of Clarke county.
HON. S. H. TERRAL, Judge.

Action by appellant against appellee for the alleged wrong-
ful and negligent killing of plaintiff's son, aged nineteen
years and four months, on the first day of May, 1891. De-
ceased was engaged as a brakeman on a freight-train, of
which his brother was conductor. He was employed by the
yardmaster of defendant at Meridian, who knew that he was
a minor. No one saw the killing, and the circumstances of
it were not known. Shortly before it occurred, deceased was

in the rear car or caboose of the running train, and his brother, the conductor, directed him. to go forward to his place ahead of some flat-cars loaded with lumber, that he might assist in controlling the train at a grade several miles ahead. He left the caboose, having to go over the top of the cars. This was a freight-train of about twenty cars. The brackets which held the standards together on the lumber cars consisted of wide pieces of plank nailed to the standards above the lumber, and they were set up edgewise. Shortly after deceased left the caboose the train was felt to. jostle in running over something, and this was found to be his dead body. It was evident that he had fallen between the cars. Where deceased fell the track was level and straight for about one thousand feet. This was in a dip or low place. The train was going north, and had just run down a grade and around a slight curve before reaching this level place. There was testimony tending to show that at this point there was always a slight checking up and a slacking out of the train, causing a severe jerk. The engineer testified, as a witness for defendant, that he usually held the train back in going down this grade, but on this occasion did not do so. It was shown, however, that the train was under control and the track was in good condition.

The court gave a peremptory instruction for defendant. Verdict and judgment accordingly. Plaintiff appeals. The opinion of the court contains a further statement of the case.

*J. A. Orr,* for appellant.

1. Under the law and § 193 of the constitution, as I understand them, when death by a running train is shown, the case of the plaintiff is made out. The burden of proof then shifts, and exculpatory facts must be shown by the defendant. *Burns* v. *Railway Co.,* 69 Iowa, 450; *Gay* v. *Winter,* 34 Cal., 153; *Railroad Co.* v. *Pollard,* 22 Wall., 341; 16 Pa., 463; 22 N. W. Rep. (Wis.), 425. So far as I have examined, only the Massachusetts court holds a contrary doctrine. In view

of § 193 of our constitution, the Massachusetts doctrine is inapplicable.

2. Surely, there was evidence sufficient to allow the case to go to the jury to say whether or not the defendant was negligent. It is only in indisputable cases that the judge may venture to act as court and jury.

3. Counsel made an argument on the facts to show negligence, (1) in the construction of the road-bed; (2) in the careless manner in which the train was run; (3) from the manner in which the brackets were placed on the lumber-cars, being in the nature of stumbling-blocks. But as the court decides, on the facts, that there was no negligence, it is not deemed necessary to give the argument.

*Fewell & Brahan*, for appellee.

Plaintiff wholly failed to sustain the allegation of negligence. The witnesses all concurred in stating that the cause of the accident was unknown. The track was level and in good condition, and defendant was in nowise at fault. Even if the statutory presumption of negligence applied, and even if this court should reconsider its declaration that no presumption exists where the facts are shown, it is too clear for argument that the whole testimony affirmatively shows the absence of negligence. Unless the court is prepared to decide that the railroad company is an absolute insurer of the lives of its employes, the judgment must be affirmed.

Argued orally by *J. A. Orr*, for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

Under the law, as settled before the constitution of 1890, the plaintiff had no case. He failed to make out a case under § 193 of that constitution, because he did not produce any evidence that the injury complained of resulted from the negligence of a superior agent or officer, or person having the right to control or direct the services of the party injured,

or a fellow-servant engaged in another department of labor, etc. Indeed, there is an utter want of evidence of any negligence by anybody.

The deceased was killed, and no one knows how. That is not enough to subject the railroad company to liability. Negligence must be shown. The rule applicable in case of injury to passengers does not apply to an employe. The statute, existing prior to the constitution, whereby it was devolved on railroad companies to exculpate, in case of injury from running of the locomotive or cars (§ 1059, code of 1880), does not embrace employes, who were not within its contemplation. *Railroad Co.* v. *Hughes*, 49 Miss., 258; *Dowell* v. *Railroad Co.*, 61 Miss., 519.

Whether the father, as such, may maintain an action for the death of his son, in cases where a right of recovery is declared by § 193 of the constitution, has not been argued in this case, and we pretermit any intimation as to this, which is mentioned for the purpose of excluding the conclusion that this question was either overlooked or impliedly decided. Its consideration and decision was unnecessary, in view of the conclusion that the plaintiff did not make out his case, if entitled to sue.

*Affirmed.*