### The Supreme Court of Honor *v*. Sullivan.

[No. 3,393.    Filed January 4, 1901.]

CORPORATIONS.—*Agency.*—The duties of an officer in an association or corporation determine the question of his agency.  *p. 62.*

INSURANCE.—*Waiver of Forfeiture.*—A forfeiture of an insurance certificate by engaging in a prohibited occupation may be waived by the insurer or its authorized agent.  *p. 62.*

PRINCIPAL AND AGENT.—*Knowledge.*—Knowledge possessed by an agent while engaged in the duties of his agency is the knowledge of his principal.  *p. 62.*

INSURANCE.—*Fraternal Society.*—*Agency.*—*Waiver of Forfeiture.*— Where the constitution of a fraternal insurance society and of its local branches gave the recorder of a local branch authority to collect from the members all moneys and assessments when due, and to give receipts and forward the payments to the supreme body, and provided for the payments of dues and assessments to nobody else, such recorder was the agent of the supreme body as between it and the members in doing what its constitution required him to do, and had authority to waive the forfeiture of a certificate of insurance by the acceptance of dues and assessments with knowledge of the forfeiture, notwithstanding the constitution of the local branch, prescribed by the supreme body, provided that "it is expressly understood that a district recorder is an agent of the district court and not the agent of the supreme court to do anything except such acts as are specifically authorized in the fundamental laws."  *p. 62.*

From the Vanderburgh Superior Court.   *Affirmed.*

*L. A. Smyers* and *G. K. Denton*, for appellant.
*C. B. Harris, Curry, Van Pelt & Monfort*, for appellee.

Comstock, J.—Appellee brought this action against appellant, a fraternal mutual benefit association, upon a certificate of insurance on the life of her husband. The plaintiff alleges the performance of all the conditions of the contract of insurance. Appellant filed no general denial, but affirmatively answered that the insured had after the issuance of the certificate engaged in the occupation of a railway switchman, contrary to the constitution and law of the order, which provided that any member who engaged in such occupation should forfeit his certificate. The reply alleges a waiver of the forfeiture upon the part of appellant by receiving assessments from the insured after he had engaged in the prohibited occupation, with knowledge of the fact, and the retention of the assessments for its own use. Judgment was rendered in favor of the appellee. The action of the trial court in overruling appellant's motion for a new trial is questioned upon this appeal. The only reasons set out in said motion are (1) that the decision of the court is contrary to law; (2) it is not sustained by sufficient evidence. It is conceded that the evidence shows that the recorder of the district court to which the insured belonged had knowledge of the fact that the insured had engaged in the prohibited occupation, but it does not appear that there was knowledge of this fact on the part of any of the supreme officers.

Counsel for appellant quote the following provision from the constitution of district courts enacted by the order, to wit: "It is expressly understood that a district recorder is an agent of the district court and not the agent of the supreme court to do anything, except such acts as are specifically authorized in the fundamental laws;" and state that "the only question, therefore, to be determined by this court, is whether or not, in view of this provision in the constitution, the acceptance of the recorder of the district court of the assessments of the insured, with knowledge of the fact that he was engaged in a prohibited occupation, con-

stitutes a waiver of forfeiture." The constitutions of the supreme and district courts provide that the district recorder shall collect from the members all moneys and assessments due by them, to receipt and forward the same to the supreme body. He is the only officer under the constitution and laws of the order authorized to receive assessments and dues from the members, the only officer to whom the members are authorized to pay dues and assessments. The duties of an officer determine the question of his agency. He is the agent of the Supreme Court of Honor for doing what its constitution requires him to do, as between members of the order and the supreme court.

The question presented is one of forfeiture; that forfeiture may be waived for the benefit of the insured is well settled. The knowledge that the insured was engaged in a prohibited occupation came to the recorder while in the discharge of the duties of his agency; it became the knowledge of appellant, and in accepting the assessments thereafter it waived this ground of forfeiture. *Farmers Home Ins. Co.* v. *Liggett,* 16 Ind. App. 598; and authorities cited. See, also, *Supreme Tribe, etc.,* v. *Hall,* 24 Ind. App. 316, and *Supreme Tent, etc.,* v. *Volkert,* 25 Ind. App. 627. In these opinions many cases are cited and are in line with the proposition that the knowledge of the district recorder in the case at bar was the knowledge of the appellant; and its subsequent receipt of assessments worked a waiver of forfeiture of the certificate.

Judgment affirmed.