## CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY *v.* CUNNINGHAM, ADMINISTRATOR.

[No. 4,469. Filed December 16, 1903. Rehearing denied May 12, 1904.]

APPEAL AND ERROR.—*Precipe.—Evidence.—Record.*—The original bill of exceptions containing the evidence incorporated in the transcript containing the certificate of the clerk according to the form specified in section seven of the act of 1903 (Acts 1903, p. 340) is properly in the record though the precipe attached to the transcript contains the wrong name of the appellant. *p. 146.*

TRIAL.—*Special Judge.—Motion for New Trial Filed With Regular Judge.—Practice.*—Where, because of illness in the family of the regular judge, a special judge was appointed to try a cause, and the judge so appointed was unable to attend court on the last day of the term when a motion for a new trial of the cause was filed, the action of the regular judge in assuming jurisdiction for the purpose of permitting the appellant to file a motion for a new trial, was proper. *pp. 146, 147.*

SAME.—*Record.—Finding Showing Paragraph of Complaint on which Verdict is Based.*—Where the negligence charged in one paragraph of a complaint was based on the failure of defendant to observe a certain city ordinance in the running of its trains, answers to interrogatories showing that the accident did not occur within the corporate limits of the city sufficiently show that the verdict was not based upon such paragraph of complaint. *p. 147.*

MASTER AND SERVANT.—*Railroads.—Action for Death of Servant.—Complaint.*—A complaint against a railroad company for the death of a servant, alleging that defendant had a switch yard which it operated in connection with its railroad, and had for a long time permitted its employes to pass over the tracks in such yard in going to and returning from work, and that the servant was killed by an engine backing upon him on a switch, without warning or signal, states a cause of action. *pp. 147, 148.*

SAME.—*Action for Death of Servant.—Contributory Negligence.*—Answers to interrogatories showed that decedent was killed by an approaching engine while walking between the rails of defendant's railroad, carrying an umbrella in front of him; that there was a path on each side of the track where he could have walked in safety; that two persons some distance behind decedent saw him and the approaching engine, and endeavored to warn him of his danger, but were unable to attract his attention. *Held,* that decedent was guilty of contributory negligence precluding a recovery. *p. 148.*

From Washington Circuit Court; *W. H. Paynter,* Special Judge.

Action by Jacob B. Cunningham, administrator of the estate of Enoch Morris, deceased, against the Chicago, Indianapolis & Louisville Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. C. Field* and *H. R. Kurrie,* for appellant.

*S. H. Mitchell, E. C. Mitchell, C. M. Bright* and *F. P. Cauble,* for appellee.

Roby, J.—The precipe attached to the transcript filed in this court is entitled "George B. Cunningham, administrator of the estate of Enoch Morris, deceased, v. Chicago, Indianapolis & Louisville Railway Company. The plaintiff, as shown by the record, was Jacob Cunningham, administrator, etc. The assignment of error names Jacob Cunningham, administrator, as appellee. The original bill of exceptions containing the evidence is incorporated into the transcript. The certificate of the clerk of the Washington Circuit Court, attached to the transcript, accords with the form specified in section seven of the act of 1903 (Acts 1903, p. 338). Black, Interp. of Laws, §106. By the provisions of that act, the original bill of exceptions containing the evidence becomes a part of the record, when so certified, whether named in the precipe or not. The evidence is therefore a part of the record. If appellee's contention be granted, the utmost that could follow would be that no precipe is shown in this case, in which event it became the duty of the clerk to make out and certify a complete transcript of the record. §661 Burns 1901; *Barnes* v. *Pelham,* 18 Ind. App. 166-168; *Reid* v. *Houston,* 49 Ind. 181.

The regular judge of the Washington Circuit Court was unable to preside at the trial of this cause on the day set therefor because of serious illness in his family, and, by agreement of the parties, a special judge was appointed, who thereafter acted therein. The verdict was returned January 3, 1902. January 18 was the last day of the term,

and at that time the special judge was ill and unable to attend. In this action the regular judge resumed jurisdiction for the purpose of making the record show the filing of appellant's motion for a new trial, which was then filed. The practice so followed was proper. He was not disqualified in the case. *Hadley* v. *Lake Erie, etc., R. Co.,* 21 Ind. App. 675-680; *Perkins* v. *Hayward,* 124 Ind. 445.

The complaint was in three paragraphs. The parties agree that the negligence charged against appellant in the first paragraph arose from its alleged failure to observe an ordinance of the city of LaFayette requiring certain precautions in the running of railroad trains. The answers to the interrogatories show that the accident did not occur within the corporate limits of said city. The finding is sufficient to show that the verdict is not based upon the first paragraph. *Olds* v. *Moderwell,* 87 Ind. 582.

The second and third paragraphs do not differ in such manner or to such extent as to affect the questions presented at this time. The substance of them both is that the appellant had a switch yard operated in connection with its railroad, and had for a long time permitted its employes to pass and repass over the tracks in said yard in going to and returning from their employment, such use being made with its knowledge and consent. That on November 24, 1900, in the night-time, and when it was raining, decedent, going to his employment, and while on the tracks in said switch yard, at a place he was in the habit of using with the appellant's consent, was run over and killed by an engine backed upon a switch without warning or signal. The failure to give warning is the sole negligence relied upon, there being no averment as to the rate of speed at which the engine was moved. The complaint shows that the decedent was an employe using the grounds of the employer for a usual and known purpose. The appellant,

under the circumstances, owed him the duty of reasonable care, and there was no error in overruling the demurrer to the complaint.

With its general verdict for $2,700 the jury returned answers to interrogatories from which it appears that decedent was killed November 24, 1900, at 6:30 o'clock a. m., while walking longitudinally between the rails of one of appellant's tracks in its shop yards at LaFayette. He was walking toward and facing an approaching engine. There was no evidence as to how far he could have seen the engine, or whether or not he looked. There was a path along each side of the track, on which he could have safely walked. He carried an umbrella in front of him, and close to his head. Without the umbrella he could have seen the engine 300 feet. It was running about four miles an hour. In addition to these facts, it appears from the evidence, without contradiction, that two persons one hundred fifty or two hundred feet behind decedent saw him and the approaching engine, and endeavored to warn him of his danger, but were unable to attract his attention by their shouts. The evidence establishes the contributory negligence of the decedent. It can not be held that he was otherwise than negligent in walking between the rails of the track, in preference to a safe path at its side, and, while so doing, carrying an umbrella close to his face, regardless of what was before him, as well as of warnings shouted from behind him. The facts disclosed by the interrogatories are inconsistent with the exercise of reasonable care by decedent. No good purpose would be served by a new trial, inasmuch as the facts established by the evidence are more strongly against appellee than the answers to the interrogatories are. The motion for judgment on the interrogatories and their answers should have been sustained. It is not necessary, in view of the conclusion, to consider other questions argued.

The judgment is reversed, and the cause remanded, with

instructions to sustain appellant's motion for judgment on the interrogatories and their answers notwithstanding the general verdict.