## BROTHERHOOD OF PAINTERS, DECORATORS AND PAPER-HANGERS OF AMERICA *v.* MOORE.

[No. 5,564. Filed November 28, 1905.]

1. PLEADING.—*Complaint.—Insurance.—Mutual Benefit.*—A complaint alleging that plaintiff was a beneficial member of defendant mutual benefit brotherhood; that he complied with all the requirements of such brotherhood; that its constitution provided for certain benefits to be paid to its members in case of accidental injury and that he sustained such an injury, is good. p. 582.

2. SAME.—*Complaint.—Initial Attack on Appeal.*—A complaint is sufficient when attacked for the first time on appeal if it states facts sufficient to bar another action for the same cause. p. 584.

3. INSURANCE.—*Mutual Benefit.—Constitution.—Amendment.— Excluding Liability After Injuries.*—The amendment of the constitution of a mutual benefit society after plaintiff has received the injuries for which he sues, so as to exclude liability

Brotherhood of Painters, etc., *v.* Moore—36 Ind. App. 580.

for injuries received under the circumstances of plaintiff's injuries, does not relieve such society from the payment for plaintiff's injuries. p. 584.

4. INSURANCE. — *Mutual Benefit.* — *Constitution.* — *Prohibition against More Hazardous Occupation.—Election.*—Where the constitution of a mutual benefit society provides against liability where a member engages in a more hazardous occupation, and the plaintiff notifies the society that he has engaged in a more hazardous occupation, and subsequently pays his dues, which are accepted by such society, such society elects to retain plaintiff as a member and to disregard such provision. p. 586.

5. PRINCIPAL AND AGENT.—*Local Lodge.—Collections.*—The local lodge officers are the agents of the general lodge to do what the constitution of the general lodge requires them to do; and their knowledge that plaintiff was engaged in a more hazardous employment is attribtutable to the general lodge. p. 586.

6. APPEAL AND ERROR.—*Bill of Exceptions.—Original.—Precipe. —Statutes.*—Under the act of 1903 (Acts 1903, p. 338) an original bill of exceptions certified in a transcript is a part of the record, regardless of whether the precipe calls for such original or merely a transcript. p. 587.

From Superior Court of Marion County (66,234); *James M. Leathers,* Judge.

Action by Edward L. Moore against the Brotherhood of Painters, Decorators & Paper-Hangers of America. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Haywood & Burnett* and *M. A. Ryan,* for appellant.
*Charles E. Cox,* for appellee.

WILEY, J.—This cause originated before a justice of the peace, where a judgment was rendered against appellant for $150. From that judgment it appealed to the court below where the cause was tried upon an agreed statement of facts, resulting in a finding and judgment for appellee in the sum of $167.25. Appellant moved for a new trial, which motion was overruled.

The errors assigned are: (1) That the complaint does not state facts sufficient to constitute a cause of action; and (2) that it was error of the court to overrule appellant's motion for a new trial.

The complaint avers: That appellant is a corporation organized under the laws of Indiana, and is the central and governing organization for numerous subordinate organizations of unions of skilled workmen engaged in the trades of painting, decorating, paper-hanging, etc.; that on May 1, 1900, appellee became a member of one of the subordinate organizations, which was, and still is, acting under a charter granted by appellant, and was known as "Local Union No. 47"; that from said day to the time of filing the complaint appellee has continuously been a member thereof, and has at all times complied with the constitution and laws of both the local and central organizations, and by reason thereof has been during all said time, and is now, entitled to the rights and benefits of a member of both; that §1 of article 22 of appellant's constitution provides that all members to be entitled to benefits must be paying full local dues, assessments and journal fees; that honorary members are not entitled to benefits; that on the 8th day of September, 1902, appellee was paying full local dues, assessments and journal fees, and was not an honorary member, but an active member entitled to full benefits; that §2 of article 22 provides that a full beneficial member, in sound health when admitted, "shall, if one year in continuous good standing and not indebted during that time for three months dues, fines or assessments, be entitled to benefits as follows: Permanent disability benefits of $100 on one year's membership and $150 on two years' membership, if he has complied with the provisions of §2," etc. It is then averred that on the 8th day of September, aforesaid, appellee was a full beneficial member, and had been for more than one year prior thereto, was in good standing and had not been indebted for three months dues, fines or assessments, and had for more than two years prior been a member of said organization; that at said time §§1 and 2 of article 26 of appellant's constitution provided: That any

member legally in benefit who becomes permanently disabled by accidental injuries, or from paralysis or lead poison, which incapacitates him from again following the trade for a livelihood, shall be entitled to the disability benefit as prescribed in the constitution, and that thereafter such member shall be regarded only as an honorary member; that permanent disability shall consist of total blindness, the loss of an arm or leg, or both, the total disability of a limb, the loss of four fingers of one hand, or afflicted with any physical disability resulting from any accident, paralysis or lead poison; that on said 8th day of September appellee became permanently disabled by accidental injuries in this: That without his negligence or fault he lost his left leg in a railroad accident, and thereby became entitled to benefits from appellant, as provided in its constitution heretofore referred to; that appellee in all respects fully complied with all the requirements of appellant's constitution and laws in presenting his claim for benefits, but that appellant wholly refused and failed to pay the same.

The complaint is attacked for the first time in this court. The contract between the parties, by which appellant agreed to pay appellee on account of permanent disability, etc., is appellant's constitution. The particular sections of the constitution upon which appellee seeks to recover are substantially set out in his complaint. The objection urged to the complaint is that it does not aver that the injury received by appellee was a permanent disability. Section 1 of article 22 of appellant's constitution provides that all members to be entitled to benefits "must be paying full local dues, assessments and journal fees." The complaint fully meets this requirement. Section 2 of article 22 provides that a full beneficial member shall, if one year in continuous good standing and not indebted during that time for three months dues, fines or assessments, be entitled

to benefits as follows: "Permanent disability benefits of $100 on one year's membership and $150 on two years' membership, providing that the member has strictly complied with §2 of article 22." The complaint, also, by direct averment meets these provisions of the constitution. Sections 1 and 2 of article 26 of the constitution provide: (1) That "any member legally in benefit who becomes permanently disabled by accidental injuries  *  *  *  which incapacitates him from again following the trade for a livelihood, shall be entitled to the disability benefit as prescribed in this constitution," and that the payment of such benefits shall relieve the association from any further obligations, etc. (2) "Permanent disability shall consist of total blindness, the loss of an arm or leg, or both, the total disability of a limb, the loss of four fingers of one hand, or afflicted with any physical disability resulting from sudden accident," etc. The complaint then alleges that on the 8th day of September appellee became permanently disabled by "accidental injuries" in this: That "without fault on his part he lost his left limb," etc. In view of the provision of §2 of article 26 of the constitution, which specifically defines what shall constitute permanent disability, the complaint is not subject to the objection urged by counsel for appellant. In any event the complaint is sufficient to bar another action for the same cause, and as its sufficiency is attacked for the first time in this court, under the well-settled rule, it will be held good.

In support of the proposition that the court erred in overruling the motion for a new trial, but two questions are presented in argument: (1) That the decision of the court is not sustained by sufficient evidence; and (2) that it is contrary to law. Both of these reasons depend upon the evidence. As above stated, the cause was submitted to the court upon an agreed statement of facts, and in such agreed statement of facts appellant's entire

constitution is exhibited. Section 3 of article 25 of the constitution is as follows: "Any member whose disability or death is caused by his own improper conduct or disease incurred previously to joining the brotherhood, * * * or by exposing himself to risks to which members are not usually liable, neither he nor any other person for him shall have any claims on the brotherhood."

In October, November and December, 1902, being subsequent to appellee's injury, the constitution was amended by adding an additional section to article 2, which provides: "A member who leaves the trade to enter another occupation need not withdraw from the brotherhood. He shall still remain a member and in benefits, except he engages in hazardous work or assumed unusual risks in the occupation he is engaged in," etc. In April, 1903, appellant further amended its constitution by defining "hazardous work or unsual risks" as follows: "Men who leave the trade and engage in the occupation of railroad engineers, firemen, brakemen, conductors, etc., * * * or any other occupations that are more hazardous than the trades enumerated in our constitution."

It is also shown by the record that appellee's claim for benefits was disallowed because he had "left the painting business and engaged in a more hazardous occupation, exposing himself to risks to which members are not usually liable." Upon the theory that the occupation in which appellee was engaged at the time of his injury was more hazardous than that of his occupation as a painter, it is contended, under the provisions of the constitution just referred to, that he is not entitled to recover. It may be conceded that the occupation of a railroad brakeman is more hazardous than that of a painter, and, if there were no other facts exhibited by the record, it might well be held that for this reason, if for no other, appellee was not entitled to recover. We are clearly of the opinion that the

amendment to the constitution, made subsequently to appellee's injury, can not be considered in determining the rights of the parties here. Such rights must be determined by the terms of the contract as it existed when he became a member and at the time of his injury. We have no doubt of the right of appellant to declare in its constitution that rights to benefits thereunder may be forfeited by a member who voluntarily exposes himself to risks to which members are not usually liable. Such provision in the constitution would prevent a recovery in this case, if the facts agreed upon did not disclose a waiver of such provision. It is a part of the agreed facts that when appellee was about to engage in the occupation of a brakeman it was made known by him to all the officers and members of the local union, of which he was a member, including the president and financial secretary thereof; that he was excused from attendance upon the meetings during the time he was so engaged as a brakeman; that during all the time, while he was so engaged, "he paid to and defendant received from him the full dues, fines, assessments and journal fee" prescribed by appellant's by-laws. The constitution provides that each local union shall pay to the parent organization the sum of ten cents per month for each member not regularly suspended on the books and fifty cents for each candidate initiated, and that said sum or sums must be forwarded to the proper officer of the parent organization immediately after the first meeting night of each month. It is further provided that this money shall be used as a general fund for the management of the affairs of the association, and for the payment of the benefits provided by the constitution. It is clearly manifest from other provisions of the constitution that the local unions, through their proper financial officers, are the duly authorized agents of the parent association for collecting all dues, fines, assessments, journal fees, etc., from

the members, and forwarding the prescribed per cent thereof to the appellant organization. Such local officers, therefore, become the agents of appellant for doing what its constitution requires them to do as between members of the order and the parent organization. *Supreme Court, etc.,* v. *Sullivan* (1901); 26 Ind. App. 60.

The knowledge that the officers of the local union possessed as to the fact that appellee was engaged as a railroad brakeman was the knowledge of the appellant, and in accepting assessments thereafter it waived any right it had under that provision of the constitution to which we have referred. *Supreme Court, etc.,* v. *Sullivan, supra.* To the same effect, see, also, *Supreme Tent, etc.,* v. *Volkert* (1900), 25 Ind. App. 627. Many authorities might be cited in support of the legal proposition just stated, but it is so well settled that a multiplicity of cases is unnecessary. Our conclusion is that the agreed facts upon which the case was submitted and decided fully support every contention of appellee.

It is urged by appellee that we can not consider any question that depends for decision upon the evidence, because the evidence is not in the record. It is insisted that as the record was made under the direction of a written precipe, and as such precipe does not direct that the original bill of exceptions containing the evidence should be embraced in the transcript, the evidence is not before us. Under the act of 1903 (Acts 1903, p. 338, §7, §641g Burns 1905), the original bill of exceptions containing the evidence becomes a part of the record, when so certified, whether named in the precipe or not. *Chicago, etc., R. Co.* v. *Cunningham* (1904), 33 Ind. App. 145.

Judgment affirmed.