## National Biscuit Company v. Wilson.

[No. 21,158.   Filed December 11, 1907.]

1. TRIAL. — *Interrogatories. — Complaint.—Paragraphs.*—Where a complaint alleged, in one paragraph, that the master failed properly to equip its freight elevator with safety devices, and; in another, that the elevator was so worn and shaky that the freight carried thereon rolled to the side thereof and caught upon the floor through which the elevator was passing, thereby causing injuries to the servant, answers to interrogatories showing that the safety devices used were similar to those usually employed in such elevators, and that such elevator did not catch upon such floor, affirmatively show that the general verdict for the servant did not rest upon either of such paragraphs.   p. 443.

2. SAME.—*Interrogatories.—Failure to Negative Negligence Alleged.—Verdict.*—Where the answers to the interrogatories do not affirmatively negative the negligence alleged in a complaint, a motion for judgment notwithstanding a general verdict for plaintiff should not be sustained.   p. 444.

3. NEGLIGENCE.—*Fall of Freight Elevator.—Res Ipsa Loquitur.— Master and Servant.*—A verdict for the servant cannot be sustained where the evidence merely showed that he was operating a freight elevator, and that as he was ascending with a load of freight the elevator trembled and fell a short distance, then rose a short distance and fell to the bottom of the shaft, there being no evidence showing any particular defect therein, the doctrine of *res ipsa loquitur* not applying.   p. 444.

From Marion Circuit Court (12,099) ; *Henry Clay Allen,* Judge.

Action by Melvin L. Wilson against the National Biscuit Company.   From a judgment on a verdict for plaintiff for $4,000, defendant appeals.   Transferred from Appellate Court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10.   *Reversed.*

*John B. Elam, James W. Fesler* and *Harry J. Elam,* for appellant.

*John M. Bailey,* for appellee.

MONTGOMERY, J.—Appellee brought this action to recover damages for a personal injury caused by the falling of a freight elevator while he was in appellant's employ.   The

first paragraph of the complaint alleged, in substance, that appellant was engaged in carrying on a bakery business in the city of Indianapolis, and maintained an elevator in its business house for the purpose of transporting merchandise and employes from one floor to another in the building; that by long-continued use and overloading the elevator had become worn and out of repair; that appellant failed and neglected to inspect the elevator and suffered the same to remain out of repair and unsafe; that because of its weak and unsafe condition, while appellee was transporting a quantity of flour to the third floor of the building, a large cogwheel connected with said elevator broke, without warning, and the elevator fell with appellee to the basement, causing the injuries of which he complains. In the second paragraph of complaint appellant was charged with actionable negligence in failing to provide and equip the elevator with proper safety devices to prevent the same from falling in case of accident. The third paragraph alleged that the old, worn and shaky condition of the elevator caused one of the loaded trucks placed thereon by appellee to roll to one side so as to catch upon the joists of the second floor and break the cogwheel, thereby precipitating the fall. Appellant answered by general denial. A trial by jury resulted in a verdict for appellee. Appellant unsuccessfully moved for judgment in its favor upon the answers of the jury to interrogatories, and for a new trial, and thereupon judgment was rendered upon the general verdict in favor of appellee.

It is alleged that the court below erred in overruling appellant's motion for judgment upon the answers of the jury to interrogatories notwithstanding the general verdict, and in overruling appellant's motion for a new trial.

The jury found in answer to proper interrogatories that the elevator was equipped with the safety appliances usually placed upon freight elevators; and also that the elevator did not catch upon the second floor, and thereby cause the fall. It is accordingly manifest that the

verdict cannot rest upon the proximate negligence charged in the second and third paragraphs of complaint. *Gilliland* v. *Jones* (1896), 144 Ind. 662, 55 Am. St. 210; *Evansville, etc., R. Co.* v. *Maddux* (1893), 134 Ind. 571; *Olds* v. *Moderwell* (1882), 87 Ind. 582; *Frazer* v. *Boss* (1879), 66 Ind. 1; *Chicago, etc., R. Co.* v. *Cunningham* (1904), 33 Ind. App. 145; *Beasley* v. *Phillips* (1898), 20 Ind. App. 182; *Knight* v. *Knight* (1893), 6 Ind. App. 268.

There is no affirmative finding exonerating appellant from the charge of negligence embodied in the first paragraph of complaint, and we must assume that the general verdict rests upon that paragraph, and the court, therefore, rightly overruled appellant's motion for judgment in its favor.

The grounds of appellant's motion for a new trial were that the verdict was not sustained by sufficient evidence and was contrary to law, and that errors of law occurred at the trial in giving certain instructions. The fifth and seventh instructions complained of related to the burden and manner of proving contributory negligence, and were within the rule approved by this court and were not erroneous. *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, and cases cited. It is charged that the twenty-third instruction left the determination of the amount of damages to the discretion of the jury without reference to the evidence or rules of law. The instruction was not subject to this criticism. *Pittsburgh, etc., R. Co.* v. *Collins, supra,* and cases cited.

It appears from the evidence of appellee that he had been in appellant's employ first as a salesman driving a wagon, and had used the elevator occasionally in bringing down goods weighing from three to five hundred pounds. About two weeks prior to the accident he was given a position which kept him about the bakery, and at the time of receiving his injury was engaged in unloading flour from a dray and taking it to the third floor of the building. Twenty-seven sacks of flour, each weighing nine-

ty-eight pounds, were loaded upon two trucks, which were placed crosswise upon the elevator. Appellee set the elevator in motion and started up with the load, and when three or four feet up the elevator began shaking and jarring, accompanied with cracking noises, and when about the second floor dropped sixteen inches, then rose about sixteen inches and then fell to the bottom of the basement. The elevator moved a little faster than an ordinary walk, and always shook some, but worse when heavily loaded. Appellee made no effort to turn off the power. Other witnesses testified that the elevator vibrated considerably when heavily loaded, and was occasionally tightened up; that belts would slip once in a while with a heavy load, causing the elevator to stop momentarily, and then it would move on. The elevator was of 3,000 pounds capacity, and had a floor platform about eleven feet long and five feet wide. This is, in substance, all the evidence furnished by appellee with reference to the happening of the accident. Is such evidence sufficient to sustain the charge of negligence made in the first paragraph of the complaint? It will be remarked that no effort was made to point out the specific cause or defect from which the accident resulted, but the jury was left to infer or merely guess at the proximate cause. There was no evidence from appellee as to the length of time the elevator had been in use, or that it had ever been overloaded, or was out of repair in any respect which might cause such an accident. No failure to repair was proved, inasmuch as no special defects were shown. We are unable to say from the evidence that the vibrations mentioned were not such as appear in any freight elevator carrying a similar burden. The driving belt occasionally slipped and allowed the elevator to stop, but this belt only served to hoist, and not to support, the elevator, and its slipping would not account for the fall. If a mere showing that such an accident occurred raised a presumption that appellant was guilty of negligence, and imposed upon it the burden of explaining the

circumstances and showing such facts as would exempt it from blame, then this verdict can be sustained. But this is not the law, and the doctrine *res ipsa loquitur* does not apply to cases of the class to which this belongs. When an employe is injured while operating a freight elevator, the mere happening of an accident raises no presumption, and cannot serve as proof of the master's negligence. *Hill* v. *Iver Johnson, etc., Co.* (1905), 188 Mass. 75, 74 N. E. 303; *Moran* v. *Racine Wagon Co.* (1893), 74 Hun 454, 26 N. Y. Supp. 852; *Kirby* v. *Ranier Grand Hotel Co.* (1902), 28 Wash. 705, 69 Pac. 378; *Robinson* v. *Wright & Co.* (1892), 94 Mich. 283, 53 N. W. 938; *Davidson* v. *Davidson* (1891), 46 Minn. 117, 48 N. W. 560; *Haynie.* v. *Hammond Packing Co.* (1907), (Mo. App.), 103 S. W. 581; *Rush* v. *Thos. D. Murphy Co.* (1907), (Iowa), 112 N. W. 814. The cases cited involving accidents from defective passenger elevators are but remotely in point upon the question here presented.

The general principle upon which our conclusion rests is firmly established. In the case of *Wabash, etc., R. Co.* v. *Locke* (1887), 112 Ind. 404, 2 Am. St. 193, this court, through Mitchell, C. J., in discussing a master's liability to a servant, said: "Where, however, an action is predicated upon an injury resulting from an act or omission which could only become tortious on account of the relations which the parties sustained to each other, and where the very substance of the wrong complained of itself was the failure to act with due foresight, then the right of action depends primarily upon so fixing the relation of the parties as to show the defendant's obligation, and upon showing further that the harm and injury complained of was such as a reasonable man in the defendant's place should have foreseen and provided against. In such a case it is not enough to show that an accident happened, and that death or injury resulted therefrom. Negligence is not to be presumed from the fact of an occurrence like that involved in the present case, the statement of which suggests its anomalous, exceptional and

extraordinary character." See, also, *Cleveland, etc., R. Co.* v. *Ward* (1897), 147 Ind. 256, 259; *Hoosier Stone Co.* v. *McCain* (1892), 133 Ind. 231, 237; *Pennsylvania Co.* v. *Whitcomb* (1887), 111 Ind. 212, 221; *Pittsburgh, etc., R. Co.* v. *Adams* (1886), 105 Ind. 151, 163; *Louisville, etc., R. Co.* v. *Orr* (1882), 84 Ind. 50, 55; *Patton* v. *Texas, etc., R. Co.* (1900), 179 U. S. 658, 663, 21 Sup. Ct. 275, 45 L. Ed. 361; *Northern Pac. R. Co.* v. *Dixson* (1905), 139 Fed. 737, 740, 71 C. C. A. 555; *Chicago, etc., R. Co.* v. *O'Brien* (1904), 132 Fed. 593, 596, 67 C. C. A. 421; *Droney* v. *Doherty* (1904), 186 Mass. 205, 71 N. E. 547; *Welsh* v. *Cornell* (1901), 168 N. Y. 508, 61 N. E. 891; *Sack* v. *Dolese* (1891), 137 Ill. 129, 27 N. E. 62; *Redmond* v. *Delta Lumber Co.* (1893), 96 Mich. 545, 55 N. W. 1004; *Huff* v. *Austin* (1889), 46 Ohio St. 386, 21 N. E. 864, 15 Am. St. 613; *Baldwin* v. *St. Louis, etc., R. Co.* (1885), 68 Iowa 37, 25 N. W. 918; *Kansas Pac. R. Co.* v. *Salmon* (1873), 11 Kan. 83; *Duntley* v. *Inman* (1902), 42 Ore. 334, 70 Pac. 529, 59 L. R. A. 785; *Brymer* v. *Southern Pac. Co.* (1891), 90 Cal. 496, 27 Pac. 371; *Minty* v. *Union Pac. R. Co.* (1889), 2 Idaho 471, 21 Pac. 660; *Louisville, etc., R. Co.* v. *Allen's Admr.* (1885), 78 Ala. 494; *Palmer Brick Co.* v. *Chenall* (1904), 119 Ga. 837, 47 S. E. 329; *Edgens* v. *Gaffney Mfg. Co.* (1904), 69 S. C. 529, 48 S. E. 538; *Short* v. *New Orleans, etc., R. Co.* (1892), 69 Miss. 848, 13 South. 826; *Stewart* v. *Van Deventer Carpet Co.* (1905), 138 N. C. 60, 50 S. E. 562; *Moore Lime Co.* v. *Johnston's Admr.* (1904), 103 Va. 84, 48 S. E. 557.

It was shown by appellant, and the fact is undisputed, that the elevator fell because the large cogwheel, thirty inches in diameter, in which the worm worked, broke, together with the surrounding casing. This wheel broke through the center, which would not result from mere use or wear. Appellee, as we stated above, made no attempt to explain the cause of the fall, but left the matter to conjecture and speculation. There was no proof by appellee that this wheel or its attachments were defective either in material or workman-

ship, or improperly maintained. An eyewitness of the accident, in a position to observe accurately, testifying for appellant, stated that one of the trucks placed upon the elevator by appellee caught at the second floor and held until the continued application of the motor power ·caused the break and consequent fall. The jury rejected this account of the accident, and adopted the theory of the first paragraph of complaint, and in doing so left the verdict without support from· the evidence.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.