BEASLEY *v.* PHILLIPS.

[No. 2,492.   Filed May 18, 1898.]

COVENANTS.—*Breach Of.*—*Deeds.*—*Remote Grantor.*— Covenants in a deed run with the land, and a grantee may sue a remote grantor for a breach of such covenants. *pp. 184, 185.*

Beasley *v*. Phillips.

COVENANTS.—*Breach Of.*—*Damages.*—*Measure Of.*—*Remote Grantor.*
—In an action against a remote grantor for breach of covenants of
warranty in a deed of conveyance, the measure of damages which
plaintiff is entitled to recover is the amount he was compelled to
pay to protect his title.   *pp. 185, 186.*

SAME.—*Breach Of.*—*Complaint.*—*Answer.*—An answer to a complaint
for a breach of covenants of warranty in a deed of conveyance
admitting that defendant did not have title to a certain undivided
interest in the real estate conveyed, but that both she and plaintiff
knew of such fact at the time the conveyance was made, and that
an agreement was made relative thereto, is contradictory of the
deed containing covenants of warranty, and does not constitute a
defense to such cause of action.   *pp. 186-188.*

APPEAL AND ERROR.—*Practice.*—The appellate tribunal may look to
a special finding of facts or a special verdict to determine whether
the ruling on a demurrer to a pleading was prejudicial to the com-
plaining party, and if it appears from the findings that the com-
plaining party was not injured by such ruling, error cannot be
predicated thereon.   *p. 188.*

COVENANTS.—*Breach Of.*—*Eviction.*—The covenants of warranty in
a deed of conveyance is an assurance by the grantor that the grantee
shall enjoy the same without interruption by virtue of a paramount
title, and a recovery may be had for a breach of such warranty
without actual eviction.   *pp. 190, 191.*

From the Gibson Circuit Court.   *Affirmed.*

*Lucius C. Embree,* for appellant.

*John M. Vandeveer* and *Simon L. Vandeveer,* for
appellee.

WILEY, J.—Appellee was plaintiff below, and sued
appellant for an alleged breach of warranty of title.
The complaint was in two paragraphs, which were
held good on demurrer.   Appellant answered in six
paragraphs, to the second, third, and fifth of which a
demurrer was overruled, and sustained as to the
fourth and sixth.   Appellee replied by general denial,
and upon the issues thus joined, trial was had by jury,
and a special verdict returned.   Appellant's motion
for judgment on the special verdict was overruled, and
a like motion of appellee was sustained.   Appellant
has assigned all these adverse rulings as error.   No

objection is urged as to the first paragraph of complaint.

The second paragraph of complaint avers that in consideration of $275.00 paid appellant by appellee, the former conveyed, by deed with covenants of warranty, certain real estate to the wife of appellee.   That after said conveyance, for the purpose of vesting the legal title of said real estate in appellee, his said wife, with him joining, conveyed the same to one Chapman, who on the same day conveyed it to appellee; that there has been a breach of the warranty in said conveyance of appellant to appellee's wife, in that at the time said conveyance was made, the heirs of one Lydia Robinson, deceased (naming them), held and owned a paramount title in fee simple in and to the undivided one-third of said real estate, and that appellee suffered an eviction by said heirs, who demanded possession thereof and threatened to sue appellee for possession and partition thereof; that appellee notified appellant of said demand and threats, and demanded of her that she make good her covenants of warranty, which was refused, and to avoid a partition of said premises and an eviction thereof by legal process, appellant purchased of said heirs the outstanding paramount title held by them, and was compelled to and did pay them therefor $65.00, etc.

The objections urged against this paragraph of complaint are: (1) That it shows upon its face that appellee was a mere volunteer, and that he did not pay anything for the conveyance whereby the title passed from his wife to him; and (2) being a remote grantee, he cannot recover any greater sum than the price which he himself paid to his immediate grantor.   We do not think this contention can be maintained, and appellant has not cited us to any authority which even

tends to support it.   We think the questions are put at rest by the statute and repeated decisions under it.

Section 3346, Burns' R. S. 1894 (2927, Horner's R. S. 1897), prescribes the form of a warranty deed, and when such deed has been dated, duly signed, sealed and acknowledged by the grantor, it is declared by the statute that it "shall be deemed and held to be a conveyance in fee simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all encumbrances, and that he will warrant and defend the title to the same against all lawful claims."

A deed in the form prescribed by statute for warranty deed has frequently been held to covenant that the grantor is seized of the premises, has a good right to convey, and guarantees the quiet possession thereof; that the lands are free from encumbrances and that the grantor will warrant and defend the title against all lawful claims.   *Carver* v. *Louthain*, 38 Ind. 530; *Coleman* v. *Lyman*, 42 Ind. 289; *Kent* v. *Cantrall*, 44 Ind. 452; *Keiper* v. *Klein*, 51 Ind. 316; *Jackson* v. *Green*, 112 Ind. 341.   Covenants in a deed run with the land, and a grantee may sue a remote grantor for a breach of such covenants.   *Dehority* v. *Wright*, 101 Ind. 382; *McClure* v. *McClure*, 65 Ind. 482; *Sage* v. *Jones*, 47 Ind. 122.   In *McClure* v. *McClure, supra*, it is expressly held that a grantee in a warranty deed may sue his immediate or remote grantor for a breach of the covenants.   It seems plain from the statute and these authorities, that appellant's objections to the second paragraph of the complaint are not well taken.   Appellee's measure of damages here, is what he was compelled to pay to pro-

tect his title, and the covenants of warranty in appellant's deed, though he was a remote grantor, must be held to inure to the benefit of appellee.   By the conveyance to appellee, he became possessed of the title which his wife had, and succeeded to her rights as a remote grantee.   The demurrer, therefore, to the second paragraph of complaint was properly overruled.

Appellant's answer was as follows:  Par. 1.   General denial.   Par. 2.   Plea of payment.   Par. 3.   That when demand was made upon appellee by the heirs of Lydia Robinson, as averred in the complaint, and when payment was made to them as charged, appellee and those through and under whom he claimed title had been in the continuous and adverse possession of said real estate for over twenty years, claiming ownership, and by reason thereof were the exclusive owners, etc.   Par. 4.   That on February 2, 1894, appellant was in exclusive possession of said real estate, under and by virtue of a deed from one George Arnold; that said appellee was the husband of one Mary E. Phillips; that both appellee and appellant well knew the title of appellant was in dispute by the heirs of said Lydia Robinson, and was possibly defective as described in the complaint; that with a full knowledge of said fact, appellee and appellant agreed that said real estate should be conveyed to appellee's wife, by warranty deed, by appellant and husband, in consideration that appellee would pay appellant $275.00, and in the event said heirs should assert a valid claim to the undivided one-third of said real estate, appellee was, for the purpose of securing to his said wife, a full and effective title to said lot, to pay to appellant such further sum as should be found to be necessary to purchase said outstanding title of said heirs; that, in pursuance to said agreement, appellant and her husband made said conveyance; that when said heirs asserted

their title, in pursuance of said agreement, appellee went to them and procured from them deeds of conveyance for their interest in said lots and paid therefor the amount named in the complaint; that no part of the consideration for appellant's said deed was paid by the wife of appellee, but it was all paid by appellee pursuant to said agreement, and there was no consideration by any one for the other deeds mentioned in the complaint. Par. 5. That the contract of warranty made by appellant was without any consideration whatever. Par. 6. That the only demand made by the heirs of Lydia Robinson was for partition of the real estate described, and that when said demand and payment were made, appellee, and those through whom he held and claimed title, had been in adverse, exclusive and hostile possession for more than fifteen years, claiming the sole and exclusive ownership thereof, and that said heirs had no cause of action for the partition of said lot or to quiet title thereto, etc.

We will first dispose of appellant's contention that the court erred in sustaining the demurrer to the fourth and sixth paragraphs of answer. The theory of the fourth paragraph of answer is that when appellant made the conveyance to appellee's wife, it was agreed and understood between appellant and appellee that the heirs of Lydia E. Robinson might assert title to an undivided one-third interest in the real estate, and that in the event they did and it was necessary, appellee was to acquire from them such outstanding title and pay therefor, as a part of the consideration for the conveyance from appellant to appellee's wife.

We do not think the facts stated in this paragraph of answer constituted a defense to appellee's cause of action. The answer is contradictory of the deed. All oral negotiations and agreements between them were

merged in the deed, and we must look to its terms alone for the covenants, conditions and agreements by which they bound themselves. See *Ice* v. *Ball*, 102 Ind. 42; *Bever* v. *North*, 107 Ind. 544; *Phillbrook* v. *Emswiler*, 92 Ind. 590; Greenl. Ev., vol. 2, section 244. The cases just cited are directly in point and decisive of the question under consideration. In the paragraph of answer we are now considering, appellant avers that she did not have title to an undivided interest in the real estate conveyed, and that both she and appellee knew such fact. But by her deed she says she had title, and covenants to defend and make it good. She is thus estopped from denying that she did not have title when she conveyed. See *Burton* v. *Reeds*, 20 Ind. 87; *Locke* v. *White*, 89 Ind. 492. She cannot thus be permitted to contradict or annul her express warranty, and as to this question, we must regard the deed as the contract between the parties. The demurrer was properly overruled.

As to the sixth paragraph of answer, the special verdict makes it unnecessary for us to pass upon its sufficiency, as every fact upon which the answer rests is fully found and set out in the verdict. Under the rule in this State, the appellate tribunal may look to a special finding of facts, or a special verdict, in order to determine whether the ruling on a demurrer to a pleading was prejudicial to the complaining party. *Gilliland* v. *Jones, Exr.*, 144 Ind. 662, 55 Am. St. 210; *McComas* v. *Haas*, 93 Ind. 276; *Evansville, etc., R. R. Co.* v. *Maddux*, 134 Ind. 571; *Olds* v. *Moderwell*, 87 Ind. 582; *Walling* v *Burgess*, 122 Ind. 299, 7 L. R. A. 481.

It clearly appears from the facts found in the special verdict that appellant was not prejudiced by the overruling of the demurrer to her sixth paragraph

of answer, and it matters not whether the answer was or was not sufficient to withstand the demurrer.

The only remaining question for us to determine is whether the special verdict finds facts sufficient to support a judgment in favor of appellee upon the issues joined. The relevant and material facts in the verdict, briefly stated in narrative form, are as follows: That on September 8, 1876, Benjamin E. Robinson owned the real estate described in the complaint; that a judgment was rendered against him in the Gibson Circuit Court on said day; that Lydia E. Robinson was then his wife and so remained to the time of his death; that on May 26, 1876, an execution was issued on said judgment, and under said execution said real estate was sold by the sheriff to George B. Arnold, November 18, 1876, and a deed of conveyance made to him thereunder, December 1, 1877; that Lydia E. Robinson was not a party to said judgment; that she never executed any deed to said real estate; that said Arnold conveyed said real estate to appellant September 24, 1892; that on February 2, 1894, appellant and her husband executed the deed to the wife of appellee, described in the complaint; that the consideration for said conveyance was $275.00, which was paid by appellee; that on May 26, 1894, appellee's wife and appellee conveyed said real estate to Mary E. Chapman; that the consideration for said conveyance was an agreement of said Chapman to immediately convey the same to appellee, which she did; that on February 2, 1894, appellee and his wife went into possession of said real estate and have remained in possession thereof ever since; that Benjamin E. Robinson died about fifteen years ago and Lydia E Robinson, his wife, about three years ago; that Permelia Steele, Malinda J. Eskew, George W. Robinson, James M. Robinson and Mattie Fortner were the only children

of said Lydia E. that survived her; that Luther Blythe, Mattie Barbee, and Ella Blythe were grand children of said Lydia E.; that on May 28, 1895, all the heirs of said Lydia E., except James Robinson, conveyed by warranty deed all their interest in said real estate to appellee; that immediately after the death of said Lydia E., Alonzo Steele, as agent for all of said heirs, asserted to appellee that said heirs were the owners of an undivided one-third interest in said real estate; that as such agent, he threatened to sue appellee for the interest of said heirs in and to the same; that appellee acted in good faith in making such purchase from said heirs; that he paid therefor $65.00; that said Steele, as such agent, demanded of appellee that he should purchase the interest of said heirs, and threatened to institute suit at once if appellee refused so to purchase; that said Arnold went into possession of said real estate September 1, 1877, and remained in possession thereof till September 24, 1892; that appellant then went into possession and so remained till February 2, 1894; that appellee paid and agreed to pay the entire consideration for said conveyance by appellant to appellee's wife; that appellee did not pay any money consideration for the conveyance to him; that the heirs of said Lydia E. Robinson did not make any demand or claim upon appellee, except through said Alonzo Steele, and that said Steele told appellee that said heirs owned an undivided one-third of said real estate and if he did not pay them they would bring suit.

Appellant insists that before appellee was entitled to recover it must appear that he suffered an eviction, and that the special verdict does not show such fact. True, there was no actual eviction, but a recovery may be had for a breech of warranty without actual eviction. The covenant of warranty is an assurance by the

grantor of the estate that the grantee shall enjoy the same without interruption by virtue of a paramount title. *Rindskopf* v. *Farmers' Loan & Trust Co.,* 58 Barb. (N. Y.) 36; *Moore* v. *Lanham,* 3 Hill (S. C.), 304. To constitute a breach of warranty and entitle the grantee to an action on the covenant, the eviction must be by paramount title. *Fowler* v. *Poling,* 6 Barb. (N. Y.) 165. And there must be an actual or constructive eviction of the whole or a part of the premises. *Beebe* v. *Swartwout,* 8 Ill. 179; *Bostwick* v. *Williams,* 36 Ill. 65, 85 Am. Dec. 385; *Funk* v. *Creswell,* 5 Ia. 88; *Mott* v. *Palmer,* 1 N. Y. 564; *West* v. *Stewart,* 7 Pa. St. 122.

Appellant admits that if the holders of the paramount title to the undivided one-third of the real estate, demanded their interest in such a way and under such conditions that the appellee was compelled to yield and purchase the outstanding paramount title to avoid an ouster, then such facts would constitute a constructive eviction, and would be sufficient. It seems clear to us that the special verdict abundantly shows such facts. It is shown that the heirs of Lydia E. Robinson were the owners in fee of an interest in said real estate; that they asserted their claim; that they demanded of appellant to purchase of them their interest therein; that they threatened him and informed him that if he did not so purchase, they would bring suit against him for such interest, etc.; that to protect his title and save an actual eviction, he did make such purchase, and did it in good faith. On principle, and under the authorities, such facts constituted a constructive eviction.

There is no merit in appellant's insistence that the verdict fails to show that Alonzo N. Steele was the agent of the Robinson heirs, and was authorized to act for them. The verdict does find that he was

their agent; that he did assert their title; that he demanded of appellee to purchase their interest, and informed him that if he refused, they would bring an action to enforce their rights.    In such case it was not necessary for the jury to find the evidentiary facts by which said Steele was constituted such agent.    It was sufficient for the jury to find the ultimate fact, and this they did.    The fact of the agency having been established, the acts of the agent, within the scope of his authority, were the acts of his principals, and as he made the necessary demands upon appellee to constitute constructive eviction, it was all that was necessary.

Taking and construing the verdict as a whole, it shows a clear right in appellant to recover on the warranty, and the court properly pronounced judgment in his favor on the special verdict.    The case appears to have been tried on its merits and a correct conclusion reached.    There is no reversible error in the record.    Judgment affirmed.