## MAUZY ET AL. v. FLINT.

[No. 6,282.  Filed February 28, 1908.  Rehearing denied June 11, 1908.  Transfer denied October 15, 1908.]

1. DEEDS.—*Warranty.*—*Statutory Form.*—*Effect.*—A "good and sufficient warranty deed" covers by virtue of the statute (§3958 Burns 1908, §2927 R. S. 1881) all covenants of title including an agreement to defend such title against all lawful claims.  p. 391.

Mauzy *v.* Flint—42 Ind. App. 386.

2. PLEADING.—*Answer.—Deeds.—Execution.—Possession.*—An allegation in an answer that plaintiff executed to defendant a deed with full covenants of general warranty necessarily implies that possession was yielded to defendant. p. 392.

3. DEEDS.—*Possession.—Failure of Title.—Damages.*—The grantee in a warranty deed, who has taken possession thereunder is entitled to nominal damages only for a breach of covenant of title, unless he has been evicted. p. 392.

4. PLEADING.—*Complaint.—Answer.—Errors Cured by Special Findings.*—It is proper for the court, on appeal, to consider the special findings in the case to determine whether appellant has suffered by the sustaining of a demurrer to his answer. p. 393.

5. SAME.—*Complaint.—Notes.—Answer.—Failure of Title.—Special Findings.—Possession.*—Where a complaint was filed upon notes and a mortgage given for the purchase price of land, one paragraph of answer alleging that the acreage was short and that the title was imperfect, and the special findings show that possession was taken by defendant, that he had not been disturbed therein and that his grantor had held adverse and undisputed possession for over twenty years, any error in sustaining a demurrer to said answer was harmless. p. 393.

6. DAMAGES.—*Breach of Covenant.*—The measure of damages for a breach of covenant is ordinarily the purchase price of the land with interest. p. 393.

7. SAME.—*Breach of Covenant.—Possession.—Purchase Price.—Defenses.*—The grantee in a warranty deed, so long as he retains possession and is put to no expense, cannot recover for a breach of covenant beyond mere nominal damages. p. 394.

8. TRIAL. — *Special Findings. — Issues. — Complaint.—Notes.—Answer.—Failure of Title.*—Where a complaint upon notes and a mortgage executed for the purchase price of land was answered by allegations that defendants held possession of such land as tenants in common with an alleged part owner of such land, special findings that defendants were given possession of such land and that they have continued to hold such possession, are within the issues. p. 394.

From Johnson Circuit Court; *John W. Morgan,* Special Judge.

Suit by James Flint against James Mauzy and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Anderson Percifield, Miller & Barnett* and *Ulric Z. Wiley,* for appellants.

*C. P. Hanna* and *W. C. Duncan,* for appellee.

COMSTOCK, J.—Appellee brought suit against appellants, alleging that on November 20, 1902, appellee, being the owner and seized in fee simple of certain real estate (de-. scribing it), sold and conveyed the same by a good and sufficient warranty deed to appellant James Mauzy; that, as a part of the purchase price, said appellant executed to appellee three several promissory notes for $600 each, payable on January 1, 1904, 1905 and 1906, respectively, with interest on each note at seven per cent from date and attorneys' fees; that, to secure the payment of said notes, said James Mauzy executed a mortgage on said real estate, in which mortgage his wife, the appellant Hamitie Mauzy, joined. Judgment is asked on the notes, with interest and attorneys' fees, and a decree for a foreclosure of the mortgage.

To this complaint appellant James Mauzy filed his amended first and his second, third, fourth, fifth and sixth paragraphs of answer, in each of which, except the second, it is alleged that the mortgage was executed to appellee by appellants James and Hamitie Mauzy, to secure the payment of the notes in suit, which were executed by appellant James Mauzy, evidencing the unpaid purchase money for the real estate described in the mortgage, and which on the day and at the time the notes and mortgage were executed was sold and conveyed with covenants of warranty by appellee to said appellant.

In the amended first paragraph of answer it is further alleged that the acreage is short, and that appellee, at the time of the conveyance, was the owner of only eleven-twelfths of said real estate, and that the agreed price was $39.18 per acre; that the shortage was nineteen acres, and asking a set-off, at the agreed price, for that number of acres. The third paragraph is in set-off, on account of shortage in acreage, in the sum of $500. The fourth paragraph alleges that the notes and mortgage sued upon were executed by appellants for the unpaid purchase money for

the real estate described in the mortgage; that at the time of the execution of the deed therefor appellee fraudulently represented, by the description of the land in the deed, that the tract contained 114.58 acres, when appellee well knew that he could only convey an undivided eleven-twelfths interest in the same, and that Dorothy J. Hickey was tenant in common and owner in fee of the undivided one-twelfth of said real estate; that, by reason of the defect of title, appellant James Mauzy was greatly inconvenienced in securing a loan from a trust company, or others who might loan money to him, with which he could discharge his obligation to appellee. For these reasons the set-off for $1,500 is asked. The fifth paragraph is an answer in set-off in the sum of $450. The sixth paragraph alleges that a decree was entered in the Brown Circuit Court, declaring that Dorothy J. Hickey was the owner of one-twelfth of the real estate mentioned in the complaint; that said appellant did not know this, but that appellee did, and fraudulently concealed the fact; that by reason of same said appellant was deprived of selling and conveying the right of way to the Indianapolis Southern Railway Company for $500, and securing a switch, side-track and depot on said real estate; that he is thereby inconvenienced, and asks a set-off for any amount that may be found due on the notes in suit. The second paragraph of answer was a joint answer in general denial. Appellee's demurrers for want of facts to the amended first and the sixth paragraphs were sustained, and overruled as to the third, fourth and fifth paragraphs. The cause was put at issue by reply in denial. Upon proper request, the court made a special finding of facts, stated conclusions of law and rendered judgment thereon in favor of appellee for $2,045.40, including the sum of $282.75 attorneys' fees.

The facts found by the court show substantially that on November 20, 1902, plaintiff and his wife, Isabel Flint, executed a warranty deed for certain real estate (describ-

ing same, being the same real estate described in the mortgage, a copy of which is filed with the complaint and in the deed filed with the answer). Said deed was accepted by defendant Mauzy, and on said date said defendant executed to said plaintiff three promissory notes, copies of which are set out and filed with the complaint as parts thereof. They were for the balance of the purchase money of said real estate. Afterwards, on December 27, 1902, said defendant, his wife, Hamitie, joining therein, executed to plaintiff a mortgage on said real estate to secure the payment of said notes. Immediately after the execution of the conveyance and the notes and mortgage as aforesaid, said defendant was given possession of the real estate described in said deed, and ever since has had and now has exclusive, uninterrupted and peaceful possession thereof, without any interference or molestation, and the defendant's immediate grantor had held for more than twenty years the exclusive, uninterrupted and adverse possession of said real estate. Said Mauzy was not induced to enter into the agreement to purchase said real estate by any misrepresentation as to title of plaintiff, or by the fraudulent conduct of the plaintiff herein. At the April term, 1878, of the Brown Circuit Court, in an action by Ellen Shank et al. v. David S. Campbell et al., in a suit to quiet title, the court appointed a commissioner, who conveyed by a deed, duly approved by the court, to Dorothy J. Hickey, one of the parties to the suit, an undivided one-twelfth of about thirty-six acres (describing it), the same being a part of the real estate described in the mortgage filed with the plaintiff's complaint. The court finds that said real estate has been in the exclusive, adverse and continuous possession of the defendant herein and his immediate grantors for more than twenty years last past, and that said Dorothy J. Hickey has not asserted any claim of title or ownership, as against this defendant, to said real

estate, or any part thereof as embraced in said mort-
gage, and that said defendant has not been disturbed in the
peaceful possession of the same; that said defendant is
not entitled to any deduction from the purchase money on
account thereof. The court finds further the amount which
has been paid on said notes to which appellant is entitled to
credit, and the amount remaining due and unpaid.

As conclusions of law the court finds that the plaintiff is
entitled to a judgment for the amount found due to him
and to a decree of foreclosure of the mortgage, and that
said defendant is not entitled to any deduction from the
purchase money, by reason of. the claim of defective title.
The defendants excepted severally to each conclusion of
law.

The errors assigned are the action of the court (1) in
sustaining appellee's demurrer to the first and sixth para-
graphs of appellant Mauzy's answer; (2) in overruling
said appellant's motion for a new trial.

The only first paragraph of answer in the record is the
amended first paragraph. We take it that the specification
of error is intended to apply to, and shall be considered as
applied to, that paragraph. It is argued that the first par-
agraph was sufficient to withstand a demurrer, because it
alleges that, at the time of the convevance of the real estate
by appellee to appellant Mauzy, appellee had no title, and
since that had acquired no title to the real estate so con-
veyed.

The complaint alleges that appellee, as the owner of and
seized in fee simple with, sold and conveyed said real es-
tate to appellant Mauzy, by a good and sufficient

1. warranty deed. A copy of the deed is made a part
of said paragraph of answer. A deed like that, made
and accepted, shall, as declared by statute, "be deemed and
held to be a conveyance in fee simple to the grantee, his
heirs and assigns, with covenant from the grantor for him-

self and his heirs and personal representatives that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession thereof; that the same are free from all incumbrances and that he will warrant and defend the title to the same against all lawful claims." §3958 Burns 1908, §2927 R. S. 1881.

Said amended first paragraph shows that appellee conveyed the real estate to appellant Mauzy by a deed, with full covenants of general warranty. The paragraph does not intimate but that said appellant took possession of the premises conveyed under his deed, and has had perfect possession thereof ever since. For aught that appears, said appellant received all he contracted for, and has never been disturbed in his occupancy or seizin.

2.

"Where a warranty deed has been accepted by the purchaser of real estate, the possession taken under the deed, and a note given for the purchase money, so long as the purchaser holds the deed and such possession he cannot, for want or failure of title, defend against the payment of the note, for other than nominal damages." *Beal* v. *Beal* (1881), 79 Ind. 280.

3.

It is the claim of said appellant that, inasmuch as the complaint does not allege that he was put in possession of the real estate, the first amended paragraph of answer is good. In support of this position *Bethell* v. *Bethell* (1876), 54 Ind. 428, 23 Am. Rep. 650; *Craig* v. *Donovan* (1878), 63 Ind. 513, *Fisher* v. *Perry* (1879), 68 Ind. 465, and *Jackson* v. *Green* (1887), 112 Ind. 341, are cited. The first of said cases holds that where a grantor, having no title thereto or possession of land, conveys the same with the covenant of seizin, but fails to put his grantor in possession, such covenant is at once broken, and does not run with the land, but is purely personal. The second is to the same effect. The third and fourth hold that a conveyance of land in another state is governed by the *lex rei sitae*.

Many authorities are cited in behalf of appellant Mauzy in support of the various paragraphs of answer. Where they are applicable to the questions raised, they are not in conflict with the decisions cited herein.

It is proper in this connection to look to the special findings to ascertain whether said appellant was harmed by the sustaining of the demurrer to said amended first paragraph of answer. *Gilliland* v. *Jones* (1896), 144 Ind. 662, 55 Am. St. 210; *Beasley* v. *Phillips* (1898), 20 Ind. App. 182.

Referring to the findings, they show that, immediately after the execution and delivery of the conveyance and the execution of the notes and mortgage, said Mauzy was given possession of the real estate described in said deed, and ever since has had, and now has, the exclusive, uninterrupted and peaceful possession thereof, without any interference or molestation, and that his immediate grantor held for more than twenty years the exclusive, uninterrupted and adverse possession of said real estate.

Said sixth paragraph of answer is predicated upon a decree declaring that Dorothy J. Hickey is the owner of an undivided one-twelfth of the real estate in question, and for this reason appellant Mauzy was put to inconvenience and sustained a loss of $500 and also failed to secure the erection of a railroad station on said land, to his damage in the sum of $2,000. This paragraph fails to allege an eviction or surrender by appellees to the paramount title of Dorothy J. Hickey. The damages claimed are remote and speculative. The measure of damages applicable to the case at bar is thus stated in *Wood* v. *Bibbins* (1877), 58 Ind. 392, 396: "It is a well-recognized rule in this State that, ordinarily, the measure of damages for a breach of the covenants of warranty is the purchase money and interest."

The following, and other cases which might be cited, hold

that when possession is taken under and by virtue of a deed, the purchaser may not resist payment of the purchase 7. money for want of title, or recover more than nominal damages while he retains the possession and is put to no expense on account of defect of title. *Small* v. *Reeves* (1860), 14 Ind. 163; *Hacker* v. *Blake* (1861), 17 Ind. 97; *Estep* v. *Estep* (1864), 23 Ind. 114; *Mahoney* v. *Robbins* (1874), 49 Ind. 146; *Beal* v. *Beal, supra; Black* v. *Thompson* (1894), 136 Ind. 611.

The defense of shortage of acreage is made to depend upon the failure of title of an undivided one-twelfth of certain real estate in question, but, if without eviction there is shown to be a defective title in said portion, there could be no recovery in an action for breach of covenants beyond mere nominal damages.

Appellant Mauzy claims that the motion for a new trial should have been sustained because the findings that immediately after the execution of the deed and the notes 8. and mortgage in question said appellant was given possession of the real estate described in said deed, and that he has ever since had and now has the exclusive, uninterrupted, peaceful possession thereof, etc., were wholly without the issues joined.

The fourth paragraph of answer alleges that "appellant had possession of said real estate as tenant in common with said Hickey, and in no other way, and that appellee could not deliver possession of the same in any other way." Appellee's reply formed the issue upon which the finding set out was founded.

No attempt is made to make the evidence a part of the record.

Judgment affirmed.