### TRAVELERS INSURANCE COMPANY *v.* FLETCHER AMERICAN NATIONAL BANK ET AL.

[No. 12,291. Filed June 25, 1925. Rehearing denied and opinion modified February 18, 1926. Transfer denied April 27, 1926. Petition to reconsider petition to transfer denied May 14, 1926.]

1. APPEAL.—*Sustaining demurrer to good paragraph of answer was harmless error where jury found averments thereof were not true.*—An erroneous ruling in sustaining a demurrer to a paragraph of answer was harmless error where the jury, by answers to interrogatories, found that the averments of the paragraph were not true. p. 569.

2.  INSURANCE.—*Insurer attempting to rescind contract waives defenses not stated in notice.*—Where an insurance company attempts to rescind the contract of insurance because of false representations in the application, all defenses except those stated in the notice of rescission are waived and cannot be pleaded as a defense in a subsequent action on the policy. p. 570.

3.  INSURANCE.—*Insurer may not defend for other misrepresentations than those assigned as grounds for rescission of policy.*—Where notice of rescission of policy because of false representations in application contained no statement that insured had made false representations in application as to family history of tuberculosis, prior medical or surgical treatment, or the rejection of other applications, the insurer could not thereafter assert such misrepresentations as defenses to an action on the policy. p. 572.

4.  APPEAL.—*Overruling demurrer to paragraph of reply harmless error when jury found averments of answer were untrue.*—Overruling a demurrer to a paragraph of reply is harmless error where the jury, by answers to interrogatories, found that the averments of the paragraph of answer to which the reply was pleaded were untrue. p. 572.

5.  APPEAL.—*When overruling pleading harmless error.*—Overruling one defendant's motion to require plaintiff to separate his complaint into paragraphs, so as to state a separate cause of action against each defendant, was harmless error where the court directed a verdict in favor of the other defendant. p. 573.

6.  APPEAL.—*Determination of sufficiency of evidence to support verdict.*—In determining whether a verdict for the plaintiff was sustained by sufficient evidence, where it was conceded that plaintiff established the averments of his complaint, it is necessary only to consider the evidence in opposition to the affirmative defenses in determining whether a verdict for the plaintiff was sustained by sufficient evidence. p. 573.

7.  WITNESSES.—*Taking depositions of attending physicians to meet expected evidence of another attending physician held not waiver of privilege as to latter.*—Where a letter written by insured's attending physician was admissible in evidence, the taking of depositions of two other attending physicians so as to be prepared to meet statements contained in the letter, *held* not a waiver of privilege under §550 Burns 1926, §520 Burns 1914, so as to admit deposition of witness who wrote the letter. p. 574.

Travelers Ins. Co. *v.* Fletcher, etc., Nat. Bank—84 Ind. App. 563.

8. APPEAL.—*Exclusion of privileged testimony not rendered erroneous by subsequent admission of other privileged testimony of the same kind, in absence of offer to introduce such evidence thereafter.*—Where, at the time an attending physician's deposition was offered in evidence, there had been no waiver of privilege, the subsequent introduction of depositions of two other medical attendants could not make the court's ruling erroneous, in the absence of an offer to introduce such evidence thereafter. p. 574.

9. APPEAL.—*When suppression of deposition becomes harmless error.*—The suppression of a deposition was harmless error where the substantial facts testified to in the deposition were set out in a letter by the deponent which was read in evidence and other witnesses testified to substantially the same facts. p. 575.

10. WITNESSES.—*Introducing testimony of one attending physician does not waive the privilege as to others who are disqualified by the statute.*—Where a patient or his representative avails himself of the testimony of one attending physician, this does not constitute a waiver of the privileged character of the testimony of other physicians in attendance at the same time under the provisions of §550 Burns 1926, §520 Burns 1914. p. 575.

11. APPEAL.—*Error in giving or refusing instructions was harmless where plaintiff had established claim and interrogatories showed that defenses had not been made out.*—Where answers to interrogatories showed that defenses relied on were not made out and it was conceded that the plaintiff had established his right to recover, any error in giving or refusing instructions was harmless. p. 577.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by the Fletcher American National Bank against the Travelers Insurance Company and others. From a judgment for plaintiff, the named defendant appeals. *Affirmed.* By the second division.

*Shirley, Whitcomb & Dowden, John C. McNutt* and *Ketcham, McTurnan & Higgins,* for appellant.

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, Albert L. Rabb, Thomas D. Stevenson, Perry E. O'Neal* and *S. C. Kivett,* for appellees.

NICHOLS, J.—This was an action by appellee Fletcher American National Bank of Indianapolis against appellant, The Travelers Insurance Company, the American Central Life Insurance Company and the Premier Motor Corporation, to recover on a policy of life insurance issued in the amount of $200,000 upon the life of L. Sherman Skelton by appellant, which policy had been assigned by said Skelton to the Premier Motor Corporation and by it to said appellee bank.

The complaint as amended was in one paragraph and alleged that the policy of insurance sued upon was issued by appellant on June 9, 1920, to L. Sherman Skelton, in the amount of $200,000, that it was assigned by Skelton to the Premier Motor Corporation and subsequently assigned to appellee bank. That L. Sherman Skelton died on January 28, 1921, and that proofs of death were furnished by appellee to appellant and that it refused to pay the amount named in the policy. Appellant filed a separate amended answer on November 16, 1921, in four paragraphs.

The first paragraph was a general denial.

The second paragraph alleged, in substance, that L. Sherman Skelton, in making his application for the policy in suit and in answers to questions of the medical examiners of the insurance company, made false and fraudulent statements as to his physical condition, the medical treatment he had received, and the medical history of his family, with a fraudulent intent to cause appellant to issue the policy applied for, and that, by reason of said false and fraudulent statements and answers, appellant was caused to and did issue the policy. That upon being advised of said facts, appellant notified appellee bank, the administrators of the estate of L. Sherman Skelton, and Premier Motor Corporation, of its intention to rescind said contract and with said no-

NOVEMBER TERM, 1925.          567

Travelers Ins. Co. *v.* Fletcher, etc., Nat. Bank—84 Ind. App. 563.

tice tendered the amount paid as premiums, with interest to that date.

The third paragraph alleged that said Skelton made misrepresentations and false statements in the application for insurance concerning his physical condition, the medical and surgical attention whch he had received, and concerning the history of diseases in his family, which false statements and misrepresentations were material to the risk, and that, by reason of said false statements and misrepresentations, appellant issued the policy.

The fourth paragraph alleged, in substance, that, by reason of the untruthfulness and falsity of the answers made by L. Sherman Skelton in his application, and by reason of the fact that he was not in good health at the time he paid his first premium, by the terms of the policy, said policy was not and never had been in effect. To this paragraph of answer, appellee bank filed a demurrer, which was sustained by the court, to which ruling appellant excepted.

To the second and third paragraphs of answer of appellant, appellee bank filed its reply in three paragraphs and subsequently an additional fourth paragraph. The first paragraph was a general denial. The second paragraph alleged that false and fraudulent answers made to the medical examiner was not a valid defense by reason of certain provisions in the policy hereinafter mentioned. The third paragraph alleged that the failure of appellant to plead particular acts as a defense within a year of the date of the policy precluded it from thereafter pleading. Demurrers filed by appellant to the second and third paragraphs of reply were sustained. The fourth paragraph of reply alleged that said Skelton did not make certain representations and statements contained in the application, that certain

questions in the application were not read to him by the agent of appellant, that the appellant did not read the same at the time he signed said application, and that he did not know that said representations were in said policy. Appellant's separate demurrer to this fourth paragraph of reply was overruled, to which appellant excepted. The cause went to issue on the answer of appellant in three paragraphs and on the reply of appellee bank in two paragraphs. Defendants American Central Life Insurance Company and the Premier Motor Corporation entered general denials to the complaint.

The cause was tried by a jury which returned a verdict in favor of appellee bank against appellant for $212,000. Appellant filed a motion for a new trial, which motion the court overruled, to which ruling appellant excepted. The court rendered judgment on the verdict for $212,000 from which judgment, this appeal is prosecuted.

Appellant assigns that the court erred: (1) In sustaining the demurrer of appellee bank, to the fourth paragraph of separate second amended answer of appellant; (2) in overruling the demurrer of appellant to the fourth additional paragraph of partial reply of appellee bank to the second and third paragraphs of the separate second amended answer of appellant; (3) in overruling the motion of appellant to require appellee bank, separately, to state in separate paragraphs, separate causes of action jointly stated in the complaint against appellant and appellee American Central Life Insurance Company; (4) in overruling appellant's motion for a new trial; (5) in sustaining the motion of appellee bank to suppress the deposition of Dr. W. W. Duke taken in behalf of appellant.

The fourth paragraph of answer specifically avers,

so far as it is involved in the first assignment of error, that, at the time of the first partial payment, on or about May 26, 1920, and on August 28 and November 29, of said year, the insured was not in good health, but was suffering from a primary lesion, cerebrospinal syphilis and nephritis-uremia, and other serious ailments and maladies, the exact character of which was not known to appellant, from which, or one of which, or a combination of which, he subsequently died; that appellant had no knowledge of these facts at the time it accepted the premium payable on or about May 26, 1920, and continued in ignorance of the same until after the insured's death; that at the time of the making of each of the partial premium payments above set out, said Skelton was not in good health but, on the contrary, at the time of making each of said payments, said Skelton was in bad health and was afflicted with the ailments, diseases and maladies above mentioned. This paragraph of answer was made seventeen months after the issuance of the policy, in plain violation of the one year incontestable clause of the policy. But the jury, in answer to interrogatories submitted to it by the court, at the request of appellant, found that the insured was in good health at the time that he signed the application for insurance, and at the time that the first premium, or partial payments of the total amount of the first annual premium, were paid upon the policy in suit.

It is well established that where, as in this case, a demurrer has been sustained to a paragraph of answer, and the jury by answers to interrogatories concerning facts within the issues as made expressly finds that the substantial averments of the answer are not true, the ruling, though erroneous, is harmless. *Mauzy* v. *Flint* (1908), 42 Ind. App. 386,

393, 83 N. E. 757, and cases cited; *Beasley* v. *Phillips* (1898), 20 Ind. App. 182, 188, 50 N. E. 488, and cases cited; *Ullman* v. *Thompson* (1914), 57 Ind. App. 126, 135, 106 N. E. 611; *Gilliland* v. *Jones, Exr.* (1896), 144 Ind. 662, 43 N. E. 939, 55 Am. St. 210; *Jennings* v. *Dark* (1910), 175 Ind. 332, 92 N. E. 778; *Bowen* v. *W. O. Eaton & Co.* (1909), 46 Ind. App. 65, 89 N. E. 961; *McKinley* v. *Britton* (1913), 55 Ind. App. 21, 103 N. E. 349; *Vulcan Iron, etc., Co.* v. *Electric, etc., Min. Co.* (1912), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307.

We do not, therefore, need to consider this alleged error.

The second error assigned questions the action of the court in overruling appellants' demurrer to the fourth additional paragraph of reply to so much of the second and third paragraphs of answer as averred that the insured made false and fraudulent representations in answer to questions contained in his application concerning (a) the history of insanity, cancer and tuberculosis among the insured's parents, brothers and sisters; (b) that the insured had had no bodily or mental disease, and had received no medical or surgical attention within the past five years. It is specifically averred in these paragraphs of answer that the representations as to tuberculosis were false and fraudulent in that the insured had a brother whose Christian name was James, who was suffering for many years with tuberculosis, and whose death was caused by said disease. But, in answer to the interrogatories above mentioned, the jury specifically found that such brother did not die with tuberculosis, that the insured did not know when he signed the application that his said brother had tuberculosis, and that appellant was not deceived by false statements of the insured, and thereby caused to issue the policy. As stated above,

the jury found by its answers to interrogatories that the insured was in good health, specifically finding that, at the time of signing the application and at the time of making payment of the first premium, he did not have syphilis, the alleged presence and evidence of this disease being particularly relied on by appellant to defeat the policy. As appears by its notice of rescission, served after the death of the insured, and before this suit was commenced, appellant did not rely for right of rescission upon any false and fraudulent representations by the insured as to family history of tuberculosis, or prior medical or surgical treatment (except for hernia, which is not asserted as a defense), no mention thereof being found in the notice. All defenses except those stated in the notice of rescission were waived, and may not now be presented. *Vulcan Ins. Co.* v. *Johnson* (1920), 74 Ind. App. 62, 128 N. E. 664; *National, etc., Ins. Co.* v. *Elliott* (1915), 60 Ind. App. 112, 108 N. E. 784; *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 304; *Railway Co.* v. *McCarthy* (1877), 96 U. S. 258, 24 L. Ed. 693; *McCormick* v. *Royal Ins. Co.* (1894), 163 Pa. 184, 29 Atl. 747. In the last case cited, the court says: "In *Brink* v. *Insurance Co.*, 80 N. Y. 108, 113, the defendant company, after considering the claim of the insured, decided not to pay the loss, upon the ground of fraud, and so informed them. Thereupon suit was brought and, at the trial, the company sought to interpose the additional defence that the proofs of loss were not filed in time. Mr. Chief Justice Church, speaking for the court of appeals, said: 'I think it was estopped from so doing. The plaintiffs' claim was challenged for fraud and that only. They acted upon it and brought an action, incurring large expense in its prosecution. Non constat, if the failure to file the proofs in time had been insisted on, but that

the plaintiffs would have acquiesced in it and refrained from prosecuting, and thus they might be injured by the change of ground on the part of the defendant. Every consideration of public policy demands that insurance companies should be required to deal with their customers with entire fairness and frankness. They may refuse to pay, without specifying any ground, and insist upon any available ground, but when they plant themselves upon a specific defense, and so notify the assured, they should not be permitted to retract after the latter has acted upon their position as announced, and incurred expenses in consequence of it. Refusal of an insurance company to pay a loss on a specified ground estops it from asserting other ground relieving it from liability of which it had full knowledge, where the assured has incurred expense and brought suit in the belief that the only objection was that stated.' "

This notice of rescission having contained no statement that the insured had made any false representation in his application with respect to prior medical and surgical treatment, and further having contained no statement of any misrepresentation, even in the medical examination, of the history of tuberculosis in the family of assured and having contained no statement of any misrepresentation on account of the rejection or postponement of other insurance applications, appellant may not thereafter assert such a claim in defense of the policy in suit. There was, therefore, no valid defense set up in the second and third paragraphs of answer, except such as the jury had found against appellant by its answers to interrogatories, and we do not need further to consider the court's action in overruling the demurrer to the fourth paragraph of reply to such paragraphs of answer. Even if erroneous, it was harmless.

There is no merit in appellant's attempt to present, as its third assignment of error, reversible error of the court in overruling appellant's motion to require appellee bank to state in separate paragraphs alleged separate causes of action against appellant and appellee American Central Life Insurance Company. Early in the trial of the case, appellee bank offered in evidence the re-insurance contract between appellant and appellee American Central Life Insurance Company, but the same was excluded on objection by both insurance companies that the contract showed on its face that appellee had no cause of action against the American Central Life Insurance Company, and that there was no privity of contract between appellee and said American company. Thereupon, on motion of the American company, the jury was instructed, at the proper time, to return a verdict for said American company.

In presenting its fourth assignment of error, appellant earnestly contends that the evidence is wholly insufficient to support the verdict. In determining this question, there being no contention that appellee bank did not establish the averments of its complaint, we only need to consider such evidence as tends to establish appellant's affirmative defenses, and, of those, only such as were within the compass of the contract made by the application and the policy, for it is expressly provided in the policy that the policy and the application constituted the entire contract, and that no statement of the insured should avoid the contract or be used as a defense to a claim under the contract unless it be contained in the application. Appellant was further limited in its defenses to those of which it chose to avail itself in its notice of rescission. These were confined to the representation that

574    APPELLATE COURT OF INDIANA,

Travelers Ins. Co. *v.* Fletcher, etc., Nat. Bank—84 Ind. App. 563.

the insured had no bodily or mental disease, while, as appears by the notice, he was afflicted with (a) a primary lesion, (b) cerebro-spinal syphilis, (c) nephritis-uremia. If we interpret the evidence correctly, the first and third of the above mentioned ailments are mentioned only in connection with the syphilis. While there is conflict in the evidence as to the presence of syphilis, there is ample evidence from which the jury might find, as it did, that the insured was not afflicted with syphilis and the other ailments, and that he was, at the time of the application, and at the time of the payment of the first premium, in good health. We hold that the evidence is sufficient to sustain the verdict of the jury.

Appellant next contends that the court erred in refusing to permit it to read in evidence the deposition of Dr. W. W. Duke, and in suppressing the same.

7, 8. That much of the deposition was privileged under §520 Burns 1914 can hardly be questioned, for he was, at the time about which he testified, acting as the physician of the insured, giving him medical treatment, and after a careful examination of the facts and circumstances surrounding the taking of this deposition, we hold that there was no waiver of privilege by the taking of the depositions of other physicians who were in attendance at the same time with Dr. Duke, and that there was no error committed in excluding such deposition at the time it was offered in evidence. A letter of Dr. Duke's stating substantially the same facts that were contained in his deposition, among which was that the insured was afflicted with syphilis, was so in the possession of appellant that it was admissible in evidence. To meet the statements of this letter, if it should be introduced in evidence, it was necessary to have the testimony of two physicians, Drs. Pearse and Ayers, both of whom lived in Kansas City, and the only way to secure this testimony and to have it present

NOVEMBER TERM, 1925.            575

Travelers Ins. Co. *v.* Fletcher, etc., Nat. Bank—84 Ind. App. 563.

in the event that it was needed was by deposition. Under such circumstances, the taking of the depositions was not a waiver of privilege so as to admit the deposition of Dr. Duke, even if otherwise competent. At the trial, and before the depositions of the other physicians had been offered in evidence, appellant offered to read in evidence Dr. Duke's deposition, and, on motion, it was suppressed. At this time, the depositions of the other physicians had not been offered in evidence. Thereafter the deposition of one of the physicians was read in evidence by appellant, and the other by appellee. Subsequently, there was no further offer to read in evidence Dr. Duke's deposition. At the time it was offered, there had certainly been no waiver of privilege, and the court did not at that time err in its ruling. Any subsequent change in the record could not make the court's correct ruling erroneous. If appellant desired to save any question as to the exclusion of the deposition, it was incumbent on it to reoffer the same after changed conditions. *Depuy* v. *Clark* (1859), 12 Ind. 427; *Cincinnati, etc., R. Co.* v. *Smith* (1891), 127 Ind. 461, 464, 26 N. E. 1009; *Wickwire* v. *Town of Angola* (1892), 4 Ind. App. 253, 256, 257, 30 N. E. 917; *Berkey* v. *City of Elkhart* (1895), 13 Ind. App. 314, 315, 41 N. E. 604.

But, in any event, we do not see that appellant was harmed by the suppression of the deposition, for its substantial facts were contained in the said letter written by Dr. Duke which was attached to the proof of loss and read to the jury as a part of the proof. Further, other witnesses, physicians, testified to substantially the same matter as was contained in Dr. Duke's deposition, and, therefore, the doctor's evidence contained in the deposition was only cumulative. Appellant contends that as appellee bank called other attending physicians to testify as to the insured's

576    APPELLATE COURT OF INDIANA,

Travelers Ins. Co. *v.* Fletcher, etc., Nat. Bank—84 Ind. App. 563.

condition of health, one of whom was in consultation with Dr. Duke as to the insured's condition, it thereby waived its right to claim the statutory privilege as to Dr. Duke. But, in Indiana, it is held that where a patient or his representatives avail themselves of the evidence of one attending physician, this does not constitute a waiver as to other attending physicians. *Penn. Mut. Life Ins. Co.* v. *Wiler* (1885), 100 Ind. 92, 102, 50 Am. Rep. 769; *Citizens St. R. Co.* v. *Shepherd* (1902), 30 Ind. App. 193, 200, 65 N. E. 765; *Springer* v. *Byram* (1894), 137 Ind. 15, 22, 36 N. E. 361, 23 L. R. A. 244, 45 Am. St. 159; *Nordyke & Marmon Co.* v. *Whitehead* (1914), 183 Ind. 7, 14, 106 N. E. 867.

The first two cases cited concern physicians in attendance at different times. The last two present the question as to whether giving evidence by a witness not a physician waives the privileged character of the testimony of a physician as to the same subject-matter. In the last case, the court says: "Appellant further contends that the court erred in sustaining appellee's objection to certain questions propounded to appellant's witness, Dr. Rutledge, who attended the decedent immediately after his injury. Appellee's witness, Julius Whitehead, son of the decedent, had testified that when Dr. Rutledge examined his father, he, the witness, was present and saw certain bruised spots on his father's body. Appellant sought to prove by the physician that no bruises were found and the court excluded the testimony on the ground that it was privileged. It is contended by appellant that by offering the evidence of the witness Whitehead, appellee waived the privileged character of the physician's testimony as to the same subject-matter. We can not so hold. The rule that all facts learned by a physician while examining or conversing with a patient are to be treated as confidential is a beneficent one and one which is not to be lightly

broken down. We see no reason to hold that the circumstances before us are sufficient to bring this case within any recognized exception to the rule above stated or to create a new exception thereto." We can see no reason why the occupation of the witness testifying can make any difference. The Indiana statute makes attending physicians incompetent, and they cannot be heard to testify as to facts learned while acting in their confidential relation except by the consent of patient. If the legislature intended that by calling one attending physician to testify, others were thereby made competent, it could have made such provision; this it has not done.

Appellant complains of error in the giving or refusing to give certain instructions, but the jury's answers to interrogatories show conclusively that the defenses relied on by appellant were not made out, and any error, therefore, in giving or refusing instructions was harmless. *Indianapolis St. R. Co.* v. *Seerley* (1904), 35 Ind. App. 467, 473, 72 N. E. 169, 1034; *Home Ins. Co.* v. *Gagen* (1906), 38 Ind. App. 680, 694, 76 N. E. 927; *Southern Ind. R. Co.* v. *Norman* (1905), 165 Ind. 126, 74 N. E. 896; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, 475, 80 N. E. 415.

In the record of 2,508 pages, with briefs aggregating 962 pages, questions are presented other than the ones above considered, but, in view of conclusions that we have reached as above set out, we do not deem it necessary to determine them. After a careful consideration of the case, we see no reason for reversal.

The judgment is therefore affirmed.